■ DONALD W. EDWARDS CO., INC., Appellant, v. HOSPITAL SUPPLY & DEVELOPMENT COMPANY, INC., Respondent, et al., Defendants.— Order, Supreme Court, New York County, entered December 24, 1971, herein appealed from, unanimously modified on the law, to deny defendant-respondent's motion for summary judgment dismissing the first cause of action, and as so modified the order is otherwise affirmed, without costs and without disbursements. Plaintiff and Hospital Supply entered into two agreements both dated June 1, 1965. By the terms of one agreement plaintiff was appointed exclusive distributor and sales representative for certain of Hospital Supply's products, and under the other agreement plaintiff was to be a nonexclusive

representative in the sale of respondent's products made to the order of original equipment manufacturers. Under each contract plaintiff was to receive a stated commission on the net billing price. The contracts were for five-year terms with a right to renew, and each was renewed by notice given in May, 1970 for a further period of five years. In its first cause of action plaintiff seeks damages and complains of breaches of the agreements by Hospital Supply by reducing payment of the agreed 10% commission under one contract to 5% from on or about February, 1968, and reducing the territory in which plaintiff was to operate and by making sales in such territory, by failing to pay commissions after June, 1970, by denying a right of inspection of defendant's books and records as provided for in agreements and by failing to provide the required weekly and monthly reports, or by providing inaccurate reports, etc. Defendant Hospital Supply asserts that it paid all commissions due from June 1, 1965 through January 31, 1968, that on January 31, 1968, it ceased to do business and sold all of its assets to defendant Philip Morris Incorporated (not involved in this appeal), that it has gone out of existence and turned over the major portion of its records to Philip Morris, which records were destroyed by fire in March, 1968. Based upon calculations from records supplied by Hospital Supply, plaintiff claims it is owed $4,892 in unpaid commissions for the period June 1, 1965 to January 31, 1968. Hospital Supply denies that any commission is due and asserts such calculations are erroneous because they include sales not made by plaintiff or items not covered by the agreement, or the calculations encompass a period prior to the effective date of the agreement. Plaintiff denies including improper items in its calculations. As indicating that Hospital Supply has not ceased to do business, plaintiff presents a commission statement to it on Hospital Supply's letterhead dated June 10, 1968, which recites that Hospital Supply is a division of Philip Morris. Further statements dated February 9, 1968, and March 8, 1968, bearing the written signature of Mern S. Kemble as president, are in the record. Kemble signed the original contracts as president of Hospital Supply. The present action against Hospital Supply was commenced August 12, 1970 by service of a summons and complaint, and an amended complaint served August 18, 1971. Plaintiff's president died in April, 1971, subsequent to the discovery of defendant's records from which plaintiff's damages were computed. However, a portion of the transcript of the deposition of Donald W. Edwards, plaintiff's president, taken by defendants on February 5, 1971, sets forth the manner in which the unpaid commissions were computed. Edwards' testimony in part was "Our counsel, in conjunction with me, then checked the amount", etc., indicating knowledge on the part of plaintiff's counsel as to the manner in which damages were computed. By order of Justice Helman dated August 11, 1971, permitting plaintiff to amend the complaint, the court considered the attorney's affidavit sufficient and the facts relating to the damages sought as within the personal knowledge of plaintiff's attorney. The foregoing recital shows that triable issues of fact exist as to damages, and there are questions as well relating to the cessation of business, termination of the contracts and whether the contracts were breached. Summary judgment, therefore, should be denied (CPLR 3212, subd. [b]). Concur — Stevens, P. J., McGivern, McNally, Steuer and Capozzoli, JJ.